UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GINA BARBARA,<br>                            Plaintiff<br><br>             - against -<br><br>NYU WINTHROP HOSPITAL,<br>                           Defendant | 19 Civ. 1631<br><br>**COMPLAINT**<br><br><br>**JURY DEMAND** |

Plaintiff, GINA BARBARA, by and through her counsel, James E. Bahamonde, Esq. from the Law Offices of James E. Bahamonde, PC, hereby files this Complaint and respectfully alleges against Defendant:

**NATURE OF THE CASE**

1. In violation of well-settled, decades old law, Defendant has made a financial decision not to train or have its hospital staff assist Plaintiff with transferring to and from a hospital's bed boxes. Instead, Defendant has chosen to create and follow a policy to restrict mobility impaired patients to be constructively confined to their hospital bed.

2. Plaintiff files this action on behalf of herself complaining of violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (hereinafter "ADA"), the Rehabilitation Act of 1973, 29 U.S.C. § 794, New York State Human Rights Law § 296 *et seq*, New York State Civil Rights Law, and Nassau County Administrative Code § 21-9.8 *et seq*.

3. Plaintiff seeks damages, declaratory and injunctive relief, as well as attorneys' fees and costs against the Defendant.

## VENUE AND JURISDICTION

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 2201, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA and the Rehabilitation Act, and seeks declaratory judgment or decree.

5. The Court has supplemental jurisdiction over Plaintiff's allegations arising from Defendant's state law violations pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in this district.

## PARTIES

7. That at all times hereinafter mentioned, Plaintiff is now, and at all times mentioned in this complaint, a resident of Nassau County Wantagh, New York.

8. Defendant NYU WINTHROP HOSPITAL is a New York domestic Not-For-Profit corporation authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as Nassau County.

9. Defendant NYU WINTHROP HOSPITAL is a public accommodation located at 259 First St, Mineola, NY 11501.

## STATUTORY SCHEME

10. The 2010 United States Census indicates that in the civilian non-institutionalized population more than 56.6 million persons in the United States have a disability.

11. More than 1.39 million New Yorkers have a mobility disability.

12. Congress has determined that historically, society has tended to isolate and segregate individuals with disabilities, and that this discrimination continues to be a serious and pervasive

problem.

13. The Department of Justice has found that individuals with disabilities continually encounter various pervasive forms of discrimination from medical providers, including outright intentional exclusion, overprotective rules and policies, failure to train personnel to transfer persons with motor disabilities to and from a hospital bed, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, or other opportunities.

14. Often times, the lack of training received by medical providers as well as not having the proper equipment to serve people with motor disabilities may cause medical providers to forgo, omit, or not recommend procedures or treatment for people with disabilities that would otherwise be commonplace.

15. Likewise, because of the lack of training received by medical providers, mobility impaired patients are not assisted with transferring. Instead, medical providers restrict mobility impaired patients to their beds. Whereas non-disabled patients in similar circumstances are recommended to get out of bed.

16. The ADA, Rehabilitation Act of 1973, New York State Human Rights Law, and Nassau County Administrative Code recognize individuals with disabilities as a protected class. As such, it is unlawful for a private entity that owns, leases to or operates a place of public accommodations to discriminate against an individual with a disability.

17. As a matter of law, a medical provider is required to provide medical services in an accessible manner. In accomplishing this requirement, a medical provider must have accessible medical equipment as well as provide a person with a disability a benefit or service that is similarly effective as what is provided to a non-disabled person.

18. A medical provider is also required to make reasonable modifications in their policies, practices, and procedures to avoid discrimination on the basis of disability.

19. A medical provider cannot condition the provision of medical services by demanding a disabled patient to bring a third party to assist that patient. The patient with a disability, just like other individuals, may come to the hospital alone, and the medical provider must give reasonable assistance to enable the individual to receive medical care. For instance, the medical provider should ask a disabled patient if he or she needs any assistance and, if so, initiate a dialogue with the disabled patient to determine the best way to help.

20. The required reasonable assistance may include helping the patient to get into and out of bed, transferring from a wheelchair to an exam table, and assisting the disabled patient with lying back and/or positioning on an examination table or similar equipment.

21. As such, a medical provider is required to provide training to its staff on proper handling techniques as necessary to provide a patient with a disability with medical services that are equal to that of a non-disabled patient.

22. It is unlawful for a private entity that owns, leases to or operates a place of public accommodations to discriminate against an individual with a disability.

23. A medical provider must not, on the basis of disability, provide a benefit or service to a person with a disability that is less effective than that provided to able-bodied patients.

## FACTUAL BACKGROUND

24. Plaintiff is substantially limited in walking and uses a wheelchair for mobility.

25. Defendant NYU WINTHROP HOSPITAL owns or leases the commercial property which houses the public accommodation named NYU Winthrop Hospital located at 259 First St, Mineola, NY 11501 (hereinafter 'hospital').

4

26. Defendant's hospital is a public accommodation as that term is defined by the ADA, Rehabilitation Act, New York State Human Rights Law, and Nassau County Administrative Code.

27. Defendant owns or operates a public accommodation named NYU Winthrop Hospital located at 259 First St, Mineola, NY 11501.

28. Plaintiff is a qualified individual with a disability as that term is defined by federal, state, and local laws.

29. Because of Plaintiff's motor disability, she cannot independently transfer to and from a bed.

30. On December 26, 2018, Plaintiff had a debilitating fever and went to the emergency room at NYU Winthrop Hospital.

31. On December 26, 2018, Ms. Barbara was admitted as an inpatient to Defendant's hospital. After being admitted, a hospital's nurse instructed Ms. Barbara to have a family member take home her custom wheelchair because it would get in the way of the hospital staff. As such, a family member of Ms. Barbara took her wheelchair home.

32. As an inpatient, Ms. Barbara asked the on-floor nurse if she could bring her custom wheelchair to her hospital room. In response, the nurse said, "no because it would get in the way." Consequently, Ms. Barbara did not attempt to get out of bed on December 27, 2018 and December 28, 2018.

33. In the early morning of December 29, 2018, Ms. Barbara stated to the on-floor nurse she wants to get out of bed and asked for assistance to transfer out of bed. The nurse responded that she would get back to her.

34. On December 29, 2018, Ms. Barbara asked the nurse's assistant for assistance to transfer

5

out of bed. In response, the nurse's assistant said she does not know how to transfer.

35. On December 29, 2018, at the time the hospital's physician was doing his rounds, Ms. Barbara informed the physician that at her chest was hurting and that the pressure points of her hips and buttocks were causing pain. Ms. Barbara then asked the physician if she could get out of bed. The physician said yes and advised the nurse to help Ms. Barbara transfer out of bed.

36. After waiting several more hours, Ms. Barbara again asked the on-floor nurse for assistance transfer out of bed. At this time, the nurse said that she could not assist Ms. Barbara transfer out of bed and was waiting for a physical therapist to assist. However, the nurse said that she had attempted calling the Physical Therapy department, but no one answered the phone.

37. Ms. Barbara was not assisted with transferring out of her bed on December 29, 2018.

38. On December 30, 2018, Ms. Barbara began to have muscle spasms and informed the physician that her back was hurting because of the excess time bed. In addition, Ms. Barbara informed the physician that she had congestion and tightness in her chest. In the presence of the on-floor nurse, Plaintiff asked the physician if she could be assisted with transferring out of bed. In response, the physician ordered a chest x-ray and advised the nurse to assist Ms. Barbara transfer out of bed.

39. After waiting some time, Ms. Barbara again asked the nurse for assistance to transfer out of bed. In response, the nurse said that no one in the Physical Therapy department was answering the phone, and therefore, she cannot transfer Ms. Barbara without the assistance of a physical therapist. At this time, the nurse said, "we don't know how to transfer you."

40. Frustrated with the hospital's refusal to assist, Ms. Barbara advised the nurse and nurse's assistant that she would be contacting the hospital's Patient Advocate office. Within 30 minutes of making the statement, the nursing assistant appeared with a transfer device – i.e., Hoyer lift.

41. The nurse and nursing assistant began to operate the Hoyer lift and transfer Ms. Barbara onto the only available chair – the recliner located in the patient room. However, contrary to the medical needs of Ms. Barbara, the recliner did not have positioning pads, a waist belt or seating cushion.

42. On December 30, 2018, Plaintiff was diagnosed by Defendant's physician of having pneumonia.

43. The lack of proper equipment on the recliner created a substantial risk of harm to Plaintiff's health and mental welfare.

44. Defendant's agents' refusal to transfer Ms. Barbara out of her bed created a substantial risk of harm to Plaintiff's health and mental welfare.

45. By constructively confining Ms. Barbara to her bed, Defendant created the condition of placing Ms. Barbara at a higher risk of developing pneumonia, as well as decubitus ulcers.

46. Ms. Barbara is deterred from going to Defendant's hospital because of their discriminatory treatment and repeated refusal to assist her with transferring to and from her bed.

47. At no relevant time did any physician advise Ms. Barbara, because of her medical condition, she should stay in bed or not independently ambulate in her wheelchair.

48. Ms. Barbara has the intention to return to Defendant's public accommodation once Defendant modifies its policy, procedure, and training, and becomes readily accessible to and usable.

## FIRST CAUSE OF ACTION
**(Violations of the Americans with Disabilities Act)**

(Injunctive Relief)

49. Defendant's hospital, located at 259 First St, Mineola, NY 11501, is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181; 28 C.F.R. § 36.104, New York State Human Rights Law § 292(9), and Nassau County Administrative Code.

50. Defendant has failed to make adequate accommodations at its hospital located at NYU Winthrop Hospital located at 259 First St, Mineola, NY 11501.

51. There exist readily achievable modifications which would make Defendant's public accommodation accessible and readily usable by Plaintiff.

52. Defendant failed to make the necessary readily achievable modifications to its public accommodation.

53. Defendant failed to alter its hospital to the maximum extent feasible in violation of 42 U.S. Code § 12183(a)(2).

54. Defendant's hospital is not fully accessible to, or readily useable by individuals with disabilities.

55. Features of Defendant's public accommodation inaccessible to Plaintiff, are including but not limited to:

   i. Defendant does not provide the correct number of accessible parking spaces in violation of the ADA.
   ii. Defendant does not provide the correct size accessible parking spaces.
   iii. The alleged accessible parking spaces do not have access aisles.

56. Defendant has discriminated against Plaintiff, on the basis of her disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations

8

of its public accommodation in violation of 42 U.S. Code § 12182(a).

57. Defendant has subjected Plaintiff, on the basis of her disability, directly, or through contractual, licensing, or other arrangements, denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendant in violation of 42 U.S. Code § 12182(b)(1)(A)(i).

58. Defendant has afforded Plaintiff, on the basis of her disability, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii)..

59. Defendant has provided Plaintiff, on the basis of her disability, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

60. Defendant has not afforded Plaintiff the goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate in violation of 42 U.S. Code § 12182(b)(1)(B).

61. Defendant has denied Plaintiff the opportunity to participate in such program or activities that is not separate or different in violation 42 U.S. Code § 12182(b)(1)(C).

62. Defendant has imposed or applied an eligibility criteria that screened out or tended to screen out Plaintiff from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered in violation of 42 U.S. Code § 12182(b)(2)(A)(i).

63. Defendant has failed to make reasonable modifications in their policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities,

privileges, advantages, or accommodations to Plaintiff in violation of 42 U.S. Code § 12182(b)(2)(A)(ii).

64. The barriers to access Defendant's hospital continue to exist.

65. Reasonable accommodations exist which do not impose an undue hardship on the operation of the Defendant's program or activity.

66. Reasonable accommodations could be made which do not fundamentally alter the nature of the Defendant's program or activity.

**SECOND CAUSE OF ACTION**
**(Violations of the Rehabilitation Act)**

67. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

68. Plaintiff is a qualified individual with a disability as that term is defined by the Rehabilitation Act.

69. Plaintiff has a physical impairment which substantially limits her ability to walk, has a record of such in an impairment, and is regarded as having such an impairment.

70. Defendant operates a program an activity as defined by the Rehabilitation Act.

71. Defendant employees 15 or more persons.

72. Defendant is a recipient of federal financial assistance as that term is defined by the Rehabilitation Act and 45 CFR § 84.3(h).

73. Upon information and belief, Defendant has failed to perform a self-evaluation of its current policies and practices and the effects thereof to determine whether it does or does not meet the requirements of the Rehabilitation Act.

74. On the basis of Plaintiff's disability, Defendant has denied Plaintiff the opportunity to

participate in or benefit from the aid, benefit, or service.

75. Defendant's decision to not provide Ms. Barbara with assistance with transferring out of her hospital bed rests on a discriminatory motive in violation of the Rehabilitation Act.

76. Defendant's decision to not allow Ms. Barbara to be accompanied with her custom wheelchair rests on a discriminatory motive in violation of the Rehabilitation Act.

77. On the basis of disability, Defendant does not afford Plaintiff an opportunity to participate in or benefit from the Rehabilitation Act, benefit, or service that is equal to that afforded others.

78. Defendant and its agents failed to ensure that their programs, activities and services are accessible to and readily usable by individuals with disabilities, including Ms. Barbara.

79. On the basis of Plaintiff's disability, Defendant has denied Ms. Barbara meaningful access to the benefits, programs, activities and services provided to nondisabled patients in violation of the Rehabilitation Act.

80. On the basis of Plaintiff's disability, Defendant has excluded Ms. Barbara from meaningful and equal medical care in violation of the Rehabilitation Act.

81. On the basis of disability, Defendant has denied Plaintiff with the aid, benefit, or service that is as effective as that provided to others.

82. On the basis of disability, defendant denied plaintiff with the aid, benefit, or service that is as effective as that provided to others in violation of the Rehabilitation Act.

83. Defendant provided different or separate aid, benefit, or service to plaintiff in violation of the Rehabilitation Act.

84. Defendant has limited Plaintiff in the enjoyment of the right, privilege, advantage, and opportunity enjoyed by others receiving an aid, benefit, or service in violation of the

Rehabilitation Act.

85. Defendant utilized a criteria or method of administration that has the effect of excluding Ms. Barbara, on the basis of her disability, from the benefit of, or otherwise subjecting her to discrimination.

86. Defendant has failed to operate its program or activity that is accessible to Plaintiff in compliance with the Rehabilitation Act.

87. As a direct and proximate result of Defendant's unlawful discrimination in violation of the Rehabilitation Act, Plaintiff has suffered actual and economic damages, including but not limited to emotional distress, including but not limited to, humiliation, mental anguish, stress, stomach ache, headache and attendant bodily injury, violation of his civil rights, loss of dignity, embarrassment, anxiety, loss of self-esteem and self-confidence, and otherwise sustained injury.

88. Defendant discriminatory actions were intentional, willful, and with reckless disregard for the rights of Plaintiff. Defendant also knew of or ratified the discriminatory acts of its agents, ignored its duties under the law, or otherwise engaged in knowledgeable inaction. As a result, Plaintiff is entitled to punitive damages.

**THIRD CAUSE OF ACTION**
**(Failure to Provide a Reasonable Accommodation in violation of the Rehabilitation Act)**

89. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

90. Defendant and its agents failed to provide Plaintiff with reasonable accommodations in their policies, practices, and procedures in violation of the Rehabilitation Act.

91. Upon information and belief, Defendant's administrators, physicians, nurses and nurse's assistant who interacted with and treated Ms. Barbara, each had the authority to address Ms. Barbara's request for accommodations and modifications, and to institute corrective measures.

92. Defendant refused to modify its policies and customs in order to provide Ms. Barbara with reasonable accommodation.

93. The reasonable accommodations requested by Plaintiff do not pose an undue burden or fundamentally alter the nature of Defendant's program or activity.

94. As a direct and proximate result of Defendant's unlawful discrimination in violation of the Rehabilitation Act, Plaintiff has suffered actual and economic damages, including but not limited to emotional distress, including but not limited to, humiliation, mental anguish, stress, stomach ache, headache and attendant bodily injury, violation of his civil rights, loss of dignity, embarrassment, anxiety, loss of self-esteem and self-confidence, and otherwise sustained injury.

95. Defendant discriminatory actions were intentional, willful, and with reckless disregard for the rights of Plaintiff. Defendant also knew of or ratified the discriminatory acts of its agents, ignored its duties under the law, or otherwise engaged in knowledgeable inaction. As a result, Plaintiff is entitled to punitive damages.

## FOURTH CAUSE OF ACTION
### (Violations of New York State Human Rights Law)

96. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

97. Defendant has not provided Plaintiff with evenhanded treatment in violation of New York State Human Rights Law § 296.

98. Defendant's direct or indirect unevenhanded treatment of Plaintiff is demonstrated when she was segregated from all other customers.

99. Defendant has, because of Plaintiff's disability, directly or indirectly, refused, withheld from or denied Plaintiff any of the accommodations, advantages, facilities or privileges of their public accommodation.

100. Defendant has demonstrated that the patronage or custom thereat of Plaintiff is unwelcome, objectionable or not acceptable, desired or solicited.

101. Defendant and its agents refused to make the necessary reasonable modifications policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations against Plaintiff in violation of New York State Human Rights Law § 296.2(a)(c)(i).

102. Providing the necessary reasonable modifications would not fundamentally alter the nature of Defendant's facilities, privileges, advantages, or accommodations.

103. Defendant and its agents refused to take such steps as may be necessary to ensure that Ms. Barbara is excluded or denied services because of the absence of services in violation of New York State Human Rights Law § 296.2(a)(c)(ii).

104. Defendant and its agents discriminated against Plaintiff in violation of New York State Human Rights Law § 296.

105. Defendant discriminated in against Plaintiff by creating, fostering, and otherwise failing to prevent or remedy the discrimination against Plaintiff, in violation of New York State Human Rights Law § 296.

106. The nurses and nurse's assistant home interacted and treated Ms. Barbara, aided, abetted, incited, compelled, and coerced the doing of any of the acts forbidden under New York State

Human Rights Law, or attempted to do so in violation of New York State Human Rights Law § 296.6.

107. As a direct and proximate result of Defendant's unlawful discrimination in violation of the New York State Human Rights Law, Plaintiff has suffered actual and economic damages, including but not limited to emotional distress, including but not limited to, humiliation, mental anguish, stress, stomach ache, headache and attendant bodily injury, violation of his civil rights, loss of dignity, embarrassment, anxiety, loss of self-esteem and self-confidence, and otherwise sustained injury.

## FOURTH CAUSE OF ACTION
### (Violations of New York State Civil Rights Law)

108. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

109. On the basis of Plaintiff's disability, Defendant has violated her Civil Rights.

110. Consequently, Plaintiff is entitled to recover the penalty prescribed by New York State Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

111. Pursuant to NYS Civil Rights law, Defendant is guilty of a class A misdemeanor.

112. Notice of the action has been served upon the Attorney-General as required by Civil Rights Law § 40-d.

## FIFTH CAUSE OF ACTION
### (Violations of Nassau County Administrative Code § 21-9.8 *et seq*)

113. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

114.    Defendant's demonstrate that their accommodation, advantages, facilities and privileges shall be refused, withheld from or denied to Plaintiff on account of actual or perceived disability.

115.    On the basis of Plaintiff's disability, Defendant's demonstrate that the patronage of Plaintiff is unwelcome, objectionable, or not acceptable, desired or solicit.

116.    On the basis of Plaintiff's disability, Defendant has directly or indirectly, refused, withheld from or denied Plaintiff with similar accommodations, advantages, facilities or privileges as offered to individuals who are not disabled.

117.    As a direct and proximate result of Defendant's unlawful discrimination in violation of Nassau County Administrative Code, Plaintiff has suffered actual and economic damages, including but not limited to emotional distress, including but not limited to, humiliation, mental anguish, stress, stomach ache, headache and attendant bodily injury, violation of his civil rights, loss of dignity, embarrassment, anxiety, loss of self-esteem and self-confidence, and otherwise sustained injury.

### SIXTH CAUSE OF ACTION
### (Declaratory Relief)

118.    Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

119.    Plaintiff is entitled to a declaratory judgment concerning the violations committed by Defendant specifying the rights of Plaintiff as to the policies, practices, procedures, facilities, goods and services provided by Defendant.

### INJUNCTIVE RELIEF

120.    Plaintiff will continue to experience unlawful discrimination as a result of Defendant's failure to comply with fed New York State Human Rights Law and Title III of the ADA, and

Nassau County Administrative Code, therefore, injunctive relief is necessary to order Defendant to alter and modify their hospital, policies, practices, and procedures.

121.   Issue a permanent injunction enjoining Defendant from disability discrimination.

122.   Issue a permanent injunction ordering Defendant to alter its hospital to make such hospital readily accessible to and usable by individuals with disabilities.

123.   Issue a permanent injunction requiring Defendant to make all necessary modifications to Defendant's policies or practices so that Plaintiff will not be subject to further unlawful discrimination.

### ATTORNEY'S FEES AND COSTS

124.   In order to enforce the rights of Plaintiff under the Rehabilitation Act and Title III of the ADA, Plaintiff has retained counsel and is thus entitled to recover attorney's fees, costs and expenses.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court entered a judgment in her favor containing the following relief:

A.   Certify this case as a class action;

B.   Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring Defendant to alter its hospital making it readily accessible to and usable to individuals with disabilities, and 3) compelling Defendant to make all necessary modifications to Defendant's policies or practices so that Plaintiff will not be subject to further discrimination, in accordance with New York State Human Rights Law, Nassau County Administrative Code, and Title III of the ADA.

C.	Enter declaratory judgment, specifying Defendant violations of the Rehabilitation Act, ADA and New York State Law, and declaring the rights of Plaintiff as to Defendant's policies, practices, procedures, facilities, goods and services offered to the public.

D.	Award Plaintiff actual, nominal and compensatory damages in the amount to be determined at trial for Defendant's violation of the Rehabilitation Act.

E.	An award of punitive damages in the amount to be determined at trial for Defendant's reckless disregard of Plaintiff's civil-rights in violation of the Rehabilitation Act.

F.	Award Plaintiff actual, nominal and compensatory damages in the amount to be determined at trial for Defendant's violation of New York State Human Rights Law.

G.	Award Plaintiff the minimum statutory damages of at least $5000 from Defendant for its violation of Nassau County Administrative Code § 21-9.8.

H.	Pursuant to New York State Civil Rights Law §§ 40-c and 40-d, hold Defendant liable for $500 for each and every violation.

I.	Pursuant to New York State Civil Rights Law § 40-d, find Defendant guilty of a class A misdemeanor for violating New York State civil rights law.

J.	The Court retain jurisdiction over the Defendant until the Court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur.

K.	Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses.

L.	For such other and further relief, at law or in equity, to which the Plaintiff may be justly entitled.

Dated: March 21, 2019

Law Offices of James E. Bahamonde, P.C.



X_____

JAMES E. BAHAMONDE, ESQ.
Attorney for the Plaintiff(s)
Tel: (646) 290-8258
Fax: (646) 435-4376
E-mail: James@CivilRightsNY.com